IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DEMOPOLIS MARINE SERVICES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 08-0537-CG-B** |
| ) | |
| **ONE 33' X 134' STEEL BARGE,** ) | |
| **UNNAMED/UNNUMBERED, in rem,** ) | |
| **MARK W. PATTERSON, an individual and** ) | |
| **d/b/a Paxton Design Group, LLC;** ) | |
| **PAXTON GROUP, LLC, a limited liability** ) | |
| **company, in personam,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

On September 19, 2008, the plaintiff Demopolis Marine Services, LLC ("Demopolis") filed an in rem action against a 33' x 134' steel barge ("defendant barge") and in personam actions against Mark W. Patterson ("Patterson"), Paxton Design Group, LLC ("Paxton Design"), and Paxton Group, LLC ("Paxton Group"), a group who owned, managed and operated the defendant barge. (Doc. 1). A summons and complaint was personally served by D. Charles Deal on each of the in personam defendants on October 20, 2008. Return of Service was filed on October 28, 2008. (Doc.Nos. 14, 15, & 16). Pursuant to Federal Rule of Civil Procedure 12(a), the in personam defendants were to have filed an answer to the complaint on November 10, 2008, but failed to do so. On November 11, 2008, Demopolis filed a Motion for Entry of Default against the in personam defendants (Doc. 19), and this court entered a default on November 12, 2008, pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 20). On November 25, 2008, Demopolis filed a Motion for Default Judgment as to the in personam defendants (Doc. 21), and

this court granted the motion on February 5, 2009, awarding Demopolis $600,000 in damages. (Doc. 34).

On April 7, 2009, Patterson sent a letter to this court asking it to reconsider the default judgment against him. (Doc. 42).  Interpreting this correspondence as a motion to set aside the default judgment, this court ordered Patterson to have counsel appear on his behalf by April 28, 2009, or advise the court by that date whether he wants to represent himself and also instructed Patterson to file a brief and supporting affidavits by May 5, 2009, showing why the motion to set aside the default judgment should be granted. (Doc. 43).  On April 7, 2009, Patterson filed a notice of his intent to proceed pro se (Doc. 44).  This court entered an order recognizing Patterson's right to represent himself but stated that he could not also represent Paxton Design and Paxton Group; thus, unless an attorney appears on behalf of Paxton Design and/or Paxton Group, then the motion to set aside the default judgment would not be considered on behalf of those companies. (Doc. 45).  No attorneys have appeared on either companies' behalf.  On May 5, 2009, Patterson filed a motion to extend the time limit for filing his brief by ten days (Doc. 46), and this court granted the motion (Doc. 47).  Patterson, thereafter, failed to file a brief or any affidavits by the extended deadline.  On May 20, 2009, Demopolis filed its response to Patterson's motion asking this court to summarily deny the motion. (Doc. 48).

This court now denies Patterson's Motion to Set Aside the Default Judgement because (1) no duly-appointed lawyer has appeared on behalf of Paxton Design or Paxton Group; (2) Patterson has failed to comply with the court's scheduling order by not filing a brief and/or affidavits in support of his motion by May 15, 2009; and (3) there is no evidence before the court which would support setting aside the default judgment.  In regards to reason three, Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for the following

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed.R.Civ.P. 60(b)(1)-(6).  In his letter, Patterson does not assert a specific provision but appears to argue that his neglect was excusable.[1]  To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), "a defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003)(citation omitted).  In the present case, Patterson failed to provide a meritorious defense and neglected to establish why granting the motion would not prejudice Demopolis.  As a result, there is no evidence before the court which would support setting aside the default judgment

In sum, Patterson has routinely shown an indifference to following this court's previous orders and participating in this litigation.  When a defendant has failed to appear or otherwise acknowledge the pendency of a lawsuit against it, especially after it had received notice of the lawsuit three months before the entry of default judgment, default judgement is appropriate. See Travelers Cas. and Sur. Co. of America, Inc. v. East Beach Dev., LLC, 2007 WL 4335491, at *2 (S.D.Ala. Dec. 7, 2007).  Furthermore, when Patterson did finally participate in the lawsuit by asking this court to reconsider the default judgment order, he again failed to follow this court's

---

[1] Rule 60(b)(6) does not apply here because "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986).  Since Patterson's allegations in his letter arise under an analysis of (b)(1), this court can not consider (b)(6) as grounds for his motion to set aside the default judgment.  Furthermore, Patterson makes no allegations of newly discovered evidence, misconduct by Demopolis, that the judgment is void or that the judgment has been satisfied.

instructions to brief the issue and provide supporting affidavits.  Despite this failure, his limited correspondence did not provide sufficient evidence for this court to set aside its earlier order for default judgment.  In light of the foregoing, Patterson's Motion to Set Aside the Default Judgment is **DENIED**.

  **DONE and ORDERED** this 15th day of September, 2009.

            /s/ Callie V. S. Granade
            CHIEF UNITED STATES DISTRICT JUDGE